# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1123 | **DATE** | 11/10/2003 |
| **CASE TITLE** | Carbajal vs. Capital One | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies defendants' motion to dismiss.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | **NOV 1 3 2003** | |
| | Notified counsel by telephone. | | date docketed | 45 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MOISES CARBAJAL; GEORGIA REDD; and RON BUTLER, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>CAPITAL ONE, F.S.B.; CAPITAL ONE SERVICES, INC.; and WESTMORELAND AGENCY, INC., )<br>)<br>Defendants. ) | DOCKETED<br><br>NOV 1 3 2003<br><br>Case No. 03 C 1123 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

The plaintiffs in this case, Moises Carbajal, Georgia Redd, and Ron Butler, have sued the defendants, Capital One, F.S.B., Capital One Services, Inc., and Westmoreland Agency, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e & g. Defendants have moved to dismiss plaintiffs' third amended complaint for failure to state a claim. For the reasons stated below, the Court denies defendants' motion. (On October 21, 2003, the Court made an oral ruling on the motion, and as indicated at that time, now issues the ruling in written form.)

On a motion to dismiss for failure to state a claim, the Court reads the complaint liberally, granting the motion only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957).

Most FDCPA cases involve the dunning of a debtor, by letter or otherwise, by a collection agency. This case is somewhat is different. Defendant Capital One, FSB is a major



issuer of credit cards. It also regularly acquires delinquent credit card accounts from other issuers and attempts to collect them. This case concerns one of the ways in which Capital One[1] does that. It sends to the debtor what amounts to a solicitation to pay off the debt by obtaining a Capital One Visa card. According to the solicitation, once the debtor obtains the credit card, his prior debt will be transferred to the new credit card account, and no interest will be charged on that part of the debt. In addition, interest and fees that have accrued since the debt was charged off by the prior creditor will be forgiven. The solicitation states that once Capital One receives the debtor's first payment, credit bureaus will be notified that the charged-off debt has been paid in full. However, if the debtor does not make a payment for three billing cycles, the new Visa account will be closed, and collection activities will resume, including the previously-accrued interest and fees. Capital One's solicitation also contains several other documents: a letter from the prior creditor or collection agency further explaining the offer, and the disclosures legally mandated by the Truth in Lending Act and other laws in connection with the offer of a new credit card.

Plaintiffs allege that Capital One is a debt collector within the meaning of the FDCPA. The FDCPA requires that in a debt collector's initial communication with a debtor, or within five days thereafter, the collector must send a written notice to the debtor containing the amount of the debt; the name of the creditor; a statement that unless the debtor disputes the debt's validity within thirty days it will be assumed to be valid; a statement that if the debtor advises the collector in writing of a dispute within thirty days, the collector will obtain verification of the

---

[1] We use "Capital One" to refer to all the defendant, which are alleged to be affiliated entities that act together in making the solicitations.

2

debt and mail it to the debtor; and a statement that upon request, the collector will provide the original creditor's name if different from the current creditor. 15 U.S.C. §1692g(a). This is referred to in FDCPA lingo as a "validation notice."

The validation notice was contained on the reverse side of the solicitation letter sent by from Capital One. The front side of the letter contained a statement in capital letters, though smaller than a good deal of the other print on the page, which stated:

> PLEASE SEE REVERSE AND ENCLOSED CAPITAL ONE QUESTION AND ANSWER SECTION FOR IMPORTANT INFORMATION ABOUT YOUR DEBT, DEBT REPORTING AND THIS OFFER.

On the reverse side there were a series of questions and answers regarding the credit card offer. At the top of the page, in smaller-point type than the rest of the page, but enclosed in a box, was the validation notice, which read as follows:

> If this is the first letter you have received from us, please be aware that this communication is from a debt collector, and it and others from us are an attempt to collect a debt. Any information obtained will be used for that purpose. Once you accept this offer the debt will be owed to Capital One. Unless you dispute the validity of all or part of the debt within 30 days after receipt of this notice, we will assume the debt is valid. However, if you notify us in writing within the 30-day period, we will mail a copy of the verification of the debt or the judgment to you and will provide you with the address of the original creditor for this debt. Please remember that even if you make a payment, you still have the remainder of the 30 days to dispute your debt. If this is not the first letter you have received from us regarding this debt, pl ease be aware that you still have 30 days form receipt of our original letter to you to dispute the debt.

*See, e.g.,* Third Amended Complaint, Ex. A. Plaintiffs claim that the validation notice was obscured or overshadowed by the remainder of the solicitation and accompanying forms in violation of §1692g, and that it was misleading in violation of §1692e.

The statute does not require that the validation notice be placed on the front of the

collector's initial letter. *E.g., McStay v. I.C. System, Inc.*, 308 F.3d 188, 191 (2d Cir. 2002); *Blackwell v. Professional Bus. Svcs. of Georgia, Inc.*, 526 F. Supp. 535, 538 (N.D. Ga. 1981). If the notice is on the back of the letter, however, there must be a prominent reference to it on the front, which must advise the debtor, at a minimum, that there is "important information" on the reverse side of the letter. *McStay*, 308 F.3d at 191; *Riveria v. MAB Collections, Inc.*, 682 F. Supp. 174, 177 (W.D.N.Y. 1988); *Ost v. Collection Bureau, Inc.*, 493 F. Supp. 701, 702 (D.N.D. 1980).

But even if there is a sufficiently prominent disclosure on the front of the letter directing the debtor to a validation notice on the back, that is not the end of the story. The FDCPA, as interpreted by the courts, imposes an additional requirement that is at issue in this case: the validation notice cannot be obscured or overshadowed by the collector. As the Seventh Circuit has stated, the collector "may not defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors who are the particular objects of the statute's solicitude." *Bartlett v. Heibl*, 128 F.3d 497 (7th Cir. 1997). The validation notice "cannot be so hidden as to preclude all but the most persistent or lucky from finding it." *Riveria*, 682 F. Supp. at 177 (citing cases, including *Basham v. Finance America Corp.*, 583 F.2d 918, 926 (7th Cir. 1978)).

To grant defendants' motion to dismiss for failure to state a claim, the Court would have to conclude, as a matter of law, that the validation notice sent by Capital One complied with the statute. The Court cannot draw such a conclusion at this point in the case. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000) (issue of whether collection letter is confusing to unsophisticated consumer is question of fact on which plaintiff is entitled to

4

present evidence). Plaintiffs have a viable claim that the validation notice was obscured in a way that violated the FDCPA. Their contention is that, among other things, the validation notice was buried in a flurry of papers and other disclosures, and the advice on the front of the letter to look at the back was not sufficiently prominent, and the notice itself was not sufficiently prominent in its format. The Court recognizes that some (though not all) of what we have referred to as a "flurry of papers" were disclosures mandated under TILA and other statutes. But defendants made a choice to attempt to collect the debt by offering a new credit card. They have offered no authority supporting the proposition that the requirement they thereby assumed to comply with TILA can be used to diminish their obligations under the FDCPA. In sum, plaintiffs have stated a claim that the validation notice was obscured in violation of §1692g.

Plaintiffs also attack the language of the validation notice. The notice advises the debtor that "even if you make a payment, you still have the remainder of the 30 days to dispute your debt." Plaintiffs argue that this is misleading. If the debtor signs up for a new Capital One Visa card, his or her old debt is transferred to the credit card. According to plaintiffs, this means the debt becomes a new contractual obligation and thus is not truly subject to defenses against enforcement that the debtor might have had vis-a-vis the original creditor. For this reason, plaintiffs say, the letter's claim that the debtor can pay and still dispute the debt is misleading: the right to dispute the debt, they say, is effectively meaningless given the means used by Capital One to collect it.

In their reply memorandum, defendants dispute with plaintiffs' contention, saying that the debtor can still dispute the old debt even after it is transferred to a Capital One Visa card. But this is neither apparent from the face of the complaint nor inherent in the arrangement proposed

5

by Capital One in its solicitation. At this point, it is only fair to say that it is not entirely clear what exactly the status of the old debt is following the debtor's acceptance of Capital One's offer, and more specifically what would happen if the debtor obtained a Capital One Visa card, thereby transferring his old debt to a new obligation, and then decided to dispute the "old" debt. In the present context – a motion to dismiss for failure to state a claim – the Court has way of knowing how defendants actually treat such disputes if and when they are raised. Based on plaintiffs' allegation that the disclosure is misleading, which we must take as true at this stage of the case, the Court concludes that plaintiffs have stated a claim that the validation notice is misleading by advising the debtor of purported "rights" that the collector has rendered effectively meaningless.

## Conclusion

For the reasons stated above, the Court denies defendants' motion to dismiss.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: November 10, 2003